ACCEPTED
01-14-00106-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 6:33:12 AM
CHRISTOPHER PRINE
CLERK

Henry L. Maher
1028 East Ave. N.
Onalaska, WI  54650

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
7/8/2015 6:33:12 AM
CHRISTOPHER A. PRINE
Clerk

Via
***eFileTexas***

July 6, 2015

The Honorable Terry Jennings
Senior Justice on the First Court of Appeals

In care of

Mr. Christopher A. Prine
Clerk of the Court
First Court of Appeals
301 Fannin Street,
Houston, TX  77002-2066

**In Re:  Case 01-14-00106-CV**
**In the Matter of:  Maher v. Maher**


Dear Justice Jennings,

I am the Appellant, in the above referenced matter. At this time, I am proceeding with this Appeal pro se. Cindy Maher is the Appellee.

I am writing to notify the First Court of Appeals of certain events that may have an effect on the course of the above referenced Appeal. I respectfully request some insight and direction, if deemed appropriate, from the First Court of Appeals.

On June 22, 2015, I was approached by a gentleman who expressed an interest in the purchasing the marital real property and improvements of the parties to the above referenced appeal. The marital real property and improvements, and the trial court's characterization, valuation, reimbursement claims, and distribution of which, are the focus of the issues presented by myself, the Appellant, in the Appeal.

The gentleman also requested that he personally view the property. He was aware that the property was appraised in 2012, for $ 1,200,000.00 and that an agreeable

sale price could be at, or near the 2012 appraisal amount. I informed the gentleman that I was not in a position to speak for the Cindy, but that I would contact Cindy for her thoughts about the gentleman's interest in, and request to personally view, the property.

I contacted Cindy on June 22, 2015, and she agreed to make arrangements to let the gentleman personally view the property on July 4. During my conversation with Cindy, I promoted the possibility of she and I drafting a settlement agreement that, should a bona fide offer to purchase be made, would be agreeable to both of us. Unfortunately, I do not anticipate that she and I will reach an agreement.

The gentleman viewed the property on July 4 and has made a verbal offer to purchase the property for $1,100,000.00. I have asked the gentleman to make a written offer addressed to both Cindy and myself. The gentleman's offer is acceptable to me. I have not yet heard from Cindy.

Several questions arise whereby I respectfully request some insight and direction, if deemed appropriate, from the First Court of Appeals. These questions are namely;

1.  Is the First Court of Appeals able to compel that the property be sold if indeed, a bona fide written offer is received?

2.  If the answer to the above question is yes, is the First Court of Appeals able to order the proceeds be held by a court appointed trustee until such time as the appeal process has run its course, or Cindy and I are able to reach a mutually acceptable settlement agreement?

3.  Without presuming so, if a bone fide offer is made to purchase the property for $1,100,000.00, it would seem logical that the valuation of the marital real property and improvements would be established at that amount. Is this correct?

The gentleman is sincere in his interest in the property, and there should be no harm to either Cindy or myself should the First Court of Appeals compel the sale of the property and order the proceeds held by a court appointed trustee until the appeal run its course, or Cindy and I reach a mutually acceptable settlement agreement.

Thank you for your attention to this matter.

If you have any questions or wish to contact me, please do not hesitate to call me at 608 769 4779, or email me at [henrylmaher@gmail.com](mailto:henrylmaher@gmail.com).

Respectfully yours,

Henry L. Maher  /S/Henry L. Maher

**Service to:**                                              **Via efiletexas.gov service**

Ms. Georganna L. Simpson, Lead Counsel for Appellee

Mr. Frank B. Suhr, Counsel for Appellee

Mr. James L. Bettersworth, Counsel for Appellee